IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Alice Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 4974 |
| | ) | |
| Pinnacle Credit Services, LLC, a | ) | |
| Minnesota limited liability company, | ) | |
| Pentagroup Financial, LLC, a Texas | ) | |
| corporation and Vision Financial Corp., | ) | |
| a New York corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Alice Williams, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Alice Williams ("Williams"), is a citizen of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt owed for a

Providian Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Pinnacle Credit Services, LLC ("Pinnacle"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Pinnacle operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Pinnacle is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant Pentagroup Financial, Inc.

6. Defendant Pinnacle is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Pinnacle does business in Illinois.

7. Moreover, Defendant Pinnacle is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Pinnacle acts as a debt collector in Illinois.

8. Defendant, Pentagroup Financial, Inc. ("Pentagroup"), is a Texas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly

or indirectly, delinquent consumer debts. Pentagroup collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

9. Defendant, Vision Financial Corp. ("Vision"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Vision collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

10. Defendants Pentagroup and Vision are, or were, licensed to conduct business in Illinois and maintained a registered agent here, see, records from the Illinois Secretary of State, attached as Group Exhibit C. In fact, Defendants Pentagroup and Vision conduct business in Illinois by collecting delinquent consumer debts from hundreds of Illinois consumers.

11. Moreover, Defendants Pentagroup and Vision are each licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit D. In fact, Defendants Pentagroup and Vision act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

12. Ms. Williams is a senior citizen with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a Providian Bank credit card. At some point in time after that debt became delinquent, it was bought by Defendant Pinnacle, and when it began trying to collect this debt from Ms. Williams, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

13. Specifically, Defendant Pinnacle hired another debt collector, Northland Group, to demand payment of the Providian debt from Ms. Williams, by sending her a collection letter dated February 19, 2009. A copy of this letter is attached as Exhibit E.

14. Accordingly, on March 31, 2009, one of Ms. Williams' attorneys at LASPD informed Defendant Pinnacle, through its agent, Northland Group, that Ms. Williams was represented by counsel, and directed Pinnacle to cease contacting her, and to cease all further collection activities because Ms. Williams was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Nonetheless, Defendant Pinnacle then had Defendant Pentagroup demand payment from Ms. Williams of the Providian debt by sending her a collection letter dated September 14, 2009. A copy of this letter is attached as Exhibit G.

16. Mr. Williams' attorneys LASPD informed Defendants Pinnacle and Pentagroup in a letter, dated October 28, 2009, that Ms. Williams was represented by counsel, and directed Defendants to cease collections and to cease communications. Copies of this letter and fax confirmation are attached as Exhibit H.

17. Undeterred, Defendant Pinnacle then hired Defendant Vision to demand payment of the Providian debt. When Defendant Vision began calling Ms. Williams to demand payment of the debt, her LASPD attorneys sent Defendants a letter, dated June 17, 2010, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit I.

18. In utter disregard for the law, Defendant Vision, on behalf of Defendant Pinnacle, sent to Ms. Williams a collection letter, dated July 12, 2010, demanding

payment of the Providian debt. A copy of this letter is attached as Exhibit J.

19. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

20. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

23. Here, the letters from Ms. Williams' agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

24. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

25. Plaintiff adopts and realleges ¶¶ 1-20.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

27. Defendants knew, or readily could have known, that Ms. Williams was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Pinnacle, in writing, through its agents, that Ms. Williams was represented by counsel, and had directed a cessation of communications with Ms. Williams. By calling Ms. Williams, and directly sending her collection letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

28. Defendants' violations of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Alice Williams, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Williams, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Alice Williams, demands trial by jury.

Alice Williams,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 9, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com